**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**GENOVA MILLER**                                                                                          **PLAINTIFF**

v.                                                                                                        **CAUSE NO.: 2:06-CV-131**

**BROOKS B. MONAGHAN and
BAPTIST MEMORIAL HOSPITAL - DESOTO, INC.**                           **DEFENDANTS**

## MEMORANDUM OPINION

Comes now before this Court, Defendant Baptist Memorial Hospital - DeSoto Inc.'s Motion for Summary Judgment, Supplement to their Motion for Summary Judgment, and Motion for Entry of Final Judgment as to Plaintiff's Claims against Baptist Memorial Hospital - DeSoto, Inc. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*A. Factual Background*[1]

On August 19, 2004, Dr. Brooks Monaghan admitted the Plaintiff Genova Miller into the Baptist Memorial Hospital - DeSoto, Inc. ("BMH-D") for surgery related to masses located in her right breast. Miller underwent a "needle localization" procedure, during which a radiologist, Dr. Virginia Owen, fed four (4) wires through a needle into Miller's breast and into the masses. The wires served as a guide so that Dr. Monaghan could find the masses and remove them. Dr. Monaghan then removed two masses and two wires from Miller's right breast in surgery. Dr. Monaghan allegedly failed to remove at least one mass that the Plaintiff contends he was to remove. The Plaintiff further asserts that Dr. Monaghan failed to remove two of the guide wires. Allegedly,

---

[1]The uncontroverted facts are taken directly from the Plaintiff's summary of facts submitted in the proposed Pretrial Order. Where the Plaintiff's version of the facts differs from the Defendants, the court has included language to indicate those differences.

one guide wire remains unaccounted for as of this date.

Miller maintains that she reported a sticking sensation in her right breast to Dr. Monaghan's office, and they supposedly informed her it was an undissolved stitch. The following January 17, Miller reported to the Helena Regional Medical Center allegedly complaining of the same sticking sensation in her right breast. Plaintiff contends that at that time, a wire was protruding from a non-surgical site in the right subareolar region of her right breast. The Plaintiff claims the radiologist at Helena Regional Medical Center removed the wire the following day when Miller returned for a diagnostic mammogram.

Miller had surgery on her right breast again on March 31, 2005. This surgery was performed by Dr. George Kontos at the Helena Regional Medical Center in West Helena, Arkansas. During that procedure, she again underwent "needle localization" by a radiologist and following that procedure, Dr. Kontos removed three separate masses in surgery. Dr. Kontos stated that the March 31, 2005, surgery would have been necessary regardless of whether a wire had been previously left in Miller's breast.

Miller subsequently filed suit [1] against Dr. Brooks Monaghan and BMH-D on July 31, 2006. In her complaint, the Plaintiff alleged that BMH-D was negligent in "failing to provide an accurate count of foreign objects inserted into Plaintiff and in failing to recognize and advise[] Defendant Monagan [sic] that additional tissue should have been removed." Further, the Plaintiff alleges that "[t]hese acts and omissions fell below the minimal standard expected of hospitals in DeSoto County, Mississippi."

On April 9, 2007, BMH-D filed a motion for summary judgment [22] seeking to dismiss the Plaintiff's case against the hospital on the grounds that Plaintiff failed to disclose her expert witness'

opinion regarding the negligence of BMH-D's nurses. When Plaintiff did not respond within the time specified under the Local Rules, Defendant BMH-D filed a Motion for Entry of Final Judgment [29] against the Plaintiff for failure to answer, file affidavits, or extensions of time. The Plaintiff responded two weeks later [32] and argued that the motion for summary judgment was premature because discovery had not been completed. Further, the Plaintiff contended that the necessity for expert testimony was negated in cases where a foreign object is left in a patient's body. Alternatively, she alleged, she could use the expert testimony of Defendant Monaghan to establish her case against BMH-D. BMH-D replied [30] that no competent evidence had been put forth that any foreign object was left in the Plaintiff's body in error. Moreover, there was no description of the foreign object to conclude whether a lay person could, using common sense and experience, determine that the object was left in the body as a result of negligence.

When the court did not act on BMH-D's motions, the hospital filed a motion for summary judgment supplement [45] alleging that the Plaintiff failed to raise a genuine issue of material fact against BMH-D by not designating expert medical proof by affidavit or testimony. BMH-D noted that Dr. Kontos' deposition had been taken some months earlier, but that he only alleged the hospital may be liable under a "negligent credentialing" theory of recovery. BMH-D contends that it has state and federal immunity from such claims as Dr. Monaghan was not an employee but did enjoy hospital privileges. Moreover, BMH-D contended that Plaintiff should not be able to assert that theory of negligence as it was not pled in pleadings, throughout discovery, nor in any expert disclosure statement.

The Plaintiff failed to respond to BMH-D's motion for summary judgment supplement. While the court cannot grant summary judgment merely because there is no opposition to the motion,

the court may accept the Defendant's version of the facts as undisputed and grant the motion if the Defendant makes a prima facie showing of its entitlement to summary judgment. Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985); Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 (5th Cir. 1995); Eversley v. Mbank Dallas, 843 F.2d 172, 173 (5th Cir. 1988).

*B. Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*C. Discussion*

Federal Rule of Civil Procedure 8(a)(2) requires only a short plain statement of a claim showing that the pleader is entitled to relief, in order to give a defendant fair notice of what the claim is and the grounds upon which it rests. Because notice to the parties is the underlying basis for a complaint, theories of liability must be pled in the complaint. De La Hoya v. Coldwell Banker Mex., Inc., 125 Fed. Appx. 533, 536 (5th Cir. 2005). Moreover, plaintiffs cannot rely on extrinsic documents to establish a claim not asserted in their complaint. Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 263-64 (5th Cir. 1995). Therefore, only those claims made known in the Plaintiff's complaint are viable in this case, and only those theories of recovery will be addressed here.

In the complaint, the Plaintiff alleges that BMH-D was negligent in two ways: (1) failing to account for all foreign objects inserted into the plaintiff and (2) failing to recognize and advise Dr. Monaghan that an additional mass should have been removed from the Plaintiff's breast.

In Mississippi, the elements for a medical malpractice claim are: (1) "a duty to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury;" (2) "a failure to conform to the required standard;" and (3) "an injury to the plaintiff proximately caused by the breach of such duty by the defendant." Hubbard v. Wansley, 954 So. 2d 951, 956 (Miss. 2007). Generally, a plaintiff must prove these elements through expert testimony. Id. at 957; see also Vede v. Delta Reg'l Med. Ctr., 933 So. 2d 310, 311 (Miss. Ct. App. 2006). However, the Mississippi Supreme Court has also recognized an exception to this expert testimony requirement "where a layman can observe and understand the negligence as a matter of common sense and practical experience. Coleman v. Rice, 706 So. 2d 696, 698 (Miss. 1997) (citing Erby v. North Mississippi

5

Med. Ctr., 654 So. 2d 495, 500 (Miss. 1995)).

Miller cites Coleman for the proposition that expert testimony is not required to establish negligence of health care entities where a foreign object is left in the patient's body. However, in the complaint, Plaintiff did not assert that BMH-D was liable for leaving a foreign object in her body; she contends that BMH-D breached their duty to account for all objects inserted into the Plaintiff. Even if this Court were to assume that guide wires were left in Miller's breast, that fact alone would not prove liability of BMH-D. Therefore, expert testimony is required to prove the standard of care owed by BMH-D's nursing staff.

Plaintiff also asserts that BMH-D is liable for failing to advise and recognize that Dr. Monaghan allegedly failed to remove one mass from the Plaintiff's breast. Expert testimony as to the standard of care owed to a patient by BMH-D's employees is necessary to recover for this claim. See Barner v. Gorman, 605 So. 2d 805, 809 (Miss. 1992) (holding that expert testimony must be used to establish a prima facie case of medical malpractice). Plaintiff alleges that Dr. Monaghan, the defendant, will testify as her expert witness to the standard of care owed by the nursing staff and employees of BMH-D to the patient.

The Mississippi Supreme Court has recognized that qualification of an expert is not necessarily based on a particular degree. Sheffield v. Goodwin, 740 So. 2d 854, 857 (Miss. 1999) (citing Thompson v. Carter, 518 So. 2d 609, 614 (Miss. 1987)). Indeed, the Court has noted that "[o]nly if the witness possesses scientific, technical, or specialized knowledge on a particular topic will he qualify as an expert on that topic . . ." Thompson, 518 So. 2d at 615.

The Court holds today that Dr. Monaghan may be sufficiently qualified to testify as to the standard of care required by the nursing staff at BMH-D. However, as stated above, Plaintiff has an

obligation to designate specific facts showing that there are genuine issues of material fact. Celotex Corp, 477 U.S. at 324, 106 S. Ct. 2548. Plaintiff responded to BMH-D's initial motion for summary judgment that Dr. Monaghan would "provide and []substantiate his position by his own testimony." However, Miller never alleged exactly what Dr. Monaghan would testify to, including the duty BMH-D owed to the patient, whether a breach occurred, or whether that breach caused damages.

Moreover, even if Plaintiff intended to introduce Dr. George Kontos, M.D., as her expert, his deposition testimony proves that the hospital was not liable for either of the theories alleged in the Plaintiff's complaint. In that deposition, Dr. Kontos tried to assert that BMH-D may be liable under a "negligent credentialing" theory.[2] After explaining that theory of recovery against the hospital, he was questioned, "is there any other basis that, in your opinion, the hospital breached a standard of care owed to this patient?" To which Dr. Kontos answered, "No, sir, there is not." Therefore, even if Plaintiff attempts to introduce Dr. Kontos as an expert qualified to testify as to the standard of care owed by BMH-D to Miller, he has already negated that the Plaintiff has any theory of recovery against the hospital.

Accordingly, BMH-D has established that no genuine issue of material fact remains as to BMH-D's liability to the Plaintiff. Thus, summary judgment as to BMH-D is appropriate and is hereby granted.

---

[2] As stated above, Plaintiff did not raise this theory in her complaint, therefore, it will not be considered by the court.

*D. Conclusion*

Plaintiff has put forth no evidence that BMH-D's employees were responsible for counting and making sure all guide wires were removed. Likewise, Miller failed to designate specific facts and evidence that BMH-D had any duty to advise and recognize that Dr. Monaghan allegedly failed to remove some tissue from the Plaintiff. Accordingly, BMH-D's motion for summary judgment is granted.

A separate order shall issue forth this day.

SO ORDERED, this the  26th  day of March, 2008.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**